# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED SUPREME COUNCIL, 33 DEGREE OF THE ANCIENT AND ACCEPTED SCOTTISH RITE OF FREEMASONRY, PRINCE HALL AFFILIATION, SOUTHERN JURISDICTION OF THE UNITED STATES OF AMERICA, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED SUPREME COUNCIL OF THE ANCIENT ACCEPTED SCOTTISH RITE FOR THE 33 DEGREE OF FREEMASONRY, SOUTHERN JURISDICTION, PRINCE HALL AFFILIATED, ET AL., <br><br> *Defendants*. | Civil No. 1:16-cv-1103 <br><br> Hon. Liam O'Grady <br> Hon. Ivan D. Davis |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Attorneys' Fees and Expenses (Dkt. 355). On January 17, 2019, the Court determined that Defendants are entitled to attorneys' fees and expenses in this matter and ordered Defendants to file documentation supporting their requested award amount. *See* Dkt. 381. Briefing for the appropriate award is complete, and the issue is now ripe for resolution.[1] For the reasons stated below, and for good cause shown, the Court awards $245,040.40 in attorneys' fees and $13,424.98 in costs, plus interest accruing from the date of this Order.

---

[1] Plaintiffs spend much of their opposition brief relitigating the Court's decision that this was an "exceptional" case and that Defendants are entitled to attorneys' fees and costs. Plaintiffs did not timely file a motion for reconsideration of the Court's prior Order, so those arguments are not properly before the Court. The Court also reaffirms its prior holding that Defendants are entitled to fees and costs because this was an "exceptional" case.

When shaping an award of attorney's fees, the Court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To do this, the Court considers the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243–44 (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). Although each factor is persuasive, the Court need not consider each factor individually because they all are "subsumed" into an analysis of what constitutes a reasonable rate and number of hours expended. *Smith v. Loudoun Cty. Pub. Sch.*, 2017 WL 176510, at *2 (E.D. Va. Jan. 17, 2017).

### A. Lodestar Calculation.

Defendants seek an award of attorneys' fees in two amounts. First, Defendants seek an award of 990.1 hours of work billed at $260 per hour for work performed by their primary attorneys at the Dozier Law Firm PLLC. Second, Defendants seek $13,357.00 in fees for contract attorneys employed to conduct document review at a rate of $46/hour for reviewers and $80/hour for project managers.

#### 1. Reasonable Rate.

The reasonable rates for attorneys' fees are determined based on the "prevailing market

rates in the relevant community factoring in any required skill or experience." *Burke v. Mattis*, 315 F. Supp. 3d 907, 913 (E.D. Va. 2018). This Court follows the *Vienna Metro* Matrix as a guide for reasonable rates in Northern Virginia. *Id.*

All of Defendants' attorneys at the Dozier Law Firm PLLC billed at a rate of $260 per hour. Plaintiffs do not challenge the reasonableness of these rates. Defendants have also provided a persuasive affidavit from a local attorney, Craig Reilly, attesting that the requested rates are reasonable, if not under-compensatory, in this Court's community for attorneys with similar experience performing similar work. The Court also finds that the requested rates are reasonable under the *Vienna Metro* Matrix and the *Johnson* factors. In particular, the Court finds that the requested rate is exceptionally reasonable given the subject matter of this case (factors 2 and 3), Defendants' attorneys' inability to work on other matters or take on new clients given the demands and timeline of this case and the firm's late retention and small size (factors 1, 4, and 7), the customary fee for like work (factor 5), the skill and experience of the attorneys (factor 9), and the undesirability of the case among other lawyers in the community (factor 10). Accordingly, the Court will award the $260 hourly rate without reductions for the Dozier Law Firm attorneys.

The Court also finds that the $46/hour and $80/hour rates charged by the contract attorneys conducting document review were reasonable in light of the Johnson factors and Craig Reilly's affidavit.

### 2. Reasonable Hours.

Defendants seek attorneys' fees for 990.1 hours worked by the Dozier Law Firm. The Court finds that the vast majority of the requested hours are reasonable, but nevertheless finds it appropriate to reduce the requested hours by 10%.

Almost all of the applicable *Johnson* factors support finding that the requested hours are reasonable. First, Defendants' attorneys spent 1107.08 hours defending a zealously, and at times unreasonably, litigated case in a compressed amount of time and have already voluntarily reduced their requested award by $33,590. Defendants have also not requested fees for work performed by their prior counsel, which has been represented to total approximately $40,000. Second, this case involved novel questions regarding intellectual property claims, an alleged conspiracy, and Masonic law. This case would therefore have been difficult to defend under the best of circumstances and was made even more difficult given the posture of the case when Defendants' attorneys were retained and Plaintiffs' litigation strategies. Third, the attorneys requesting the fees were retained a year after litigation commenced and while Defendants were under the threat of a Rule 37 judgment. As a result, the attorneys were required to essentially drop everything else to get up to speed, review the record and discovery, and provide competent representation. Fourth, the discovery in this case was extensive and, because discovery was eventually reopened, Defendants' lawyers were at times required to simultaneously work on discovery, prepare dispositive motives, and prepare for trial. Finally, Plaintiffs' Complaint sought $8 million in damages and Defendants were granted judgment on all claims because Plaintiffs lacked standing and each of Plaintiffs' claims otherwise lacked merit. Thus, the *Johnson* factors demonstrate that the requested hours are generally reasonable, particularly in light of the low requested rate and Defendants' degree of success in the litigation.

Nevertheless, Plaintiffs have raised various objections to individual line items of the submitted bills. The Court has reviewed the bills line-by-line and considered those objections. Rather than rule on the appropriateness of each billing entry individually, however, the Court finds it appropriate to address each type of objection raised in turn and determine what reduction

to the total awarded hours, if any, is warranted based on those objections.

          *i.      The Inconsistency Between the Requested and Estimated Award.*

As an initial matter, Plaintiffs have objected that the requested attorneys' fees are more than twice Defendants' original estimate of their fees. Defendants have already voluntarily reduced their requested award by $33,590. Defendants' attorneys' requested rates are also on the lower end of rates that are considered reasonable in this district for comparable lawyers working comparable cases. Further, although the estimate was substantially lower than the fees ultimately requested due to a misunderstanding of the full nature and extent of recoverable fees, the original estimate still put Plaintiffs on notice that the fee request would be in the six figures. Accordingly, the Court does not find it appropriate to cap Defendants' fees by their erroneous estimate.

          *ii.     Failure to Properly Itemize and Block Billing.*

Billing entries must "describe specifically the tasks performed." *Page v. Va. State Bd. of Elecs.*, 2015 U.S. Dist. LEXIS 180310, at *33–34 (quoting *Rum Creek Coal Sales v. Caperton*, 31 F. 3d 169, 175 (4th Cir. 1994)). Block billing is the "practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on a particular task." *Id.* (quoting *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006)). It is appropriate to reduce awards for block billing and vague billing entries because in both cases the court cannot "weigh the hours claimed and exclude hours that were not reasonably expended." *Id.* at *35 (quoting *Guidry*, 442 F. Supp. 2d at 294) (internal quotation marks omitted). This Court has previously imposed 10% and 20% fee reductions for block billing. *Id.* at *34.

Defendants' bill contains many entries which lump together multiple phone calls to the same person in the same day without any explanation as to the purpose or duration of each of those calls. Plaintiffs have also identified many entries that contain impermissible block billing,

5

although the Court finds that it can properly evaluate the reasonableness of the hours expended in most of those entries given the inter-relatedness of the block-billed tasks. Finally, the Court is completely unable to evaluate the reasonableness of a handful of entries because their descriptions are redacted.

Accordingly, because the bill contains a significant number of entries that are not properly itemized or are improperly block-billed, but those deficiencies have had a relatively minor impact on the Court's ability to assess the reasonableness of the fees requested, the Court finds a 1% reduction in the total fee award appropriate.

        *iii.*    *Entries for Tasks that Cannot Be Included in an Award for Attorneys' Fees or Are Duplicative or Excessive.*

Plaintiffs have also objected to a variety of entries for tasks Plaintiffs argue are ineligible for inclusion in an award of attorneys' fees or are otherwise duplicative or excessive. For the reasons stated below, the Court finds that a large percentage of Plaintiffs' objections on these bases are meritless. However, because the Court finds that each type of objection is properly raised to a small number of entries, the Court finds that a 5% across-the-board reduction is appropriate to account for the improper inclusion of those entries in the fee request.

Plaintiffs have first challenged that some of the time entries are for clerical tasks or tasks that should have been delegated to non-lawyers. In evaluating the reasonableness of a fee request, "[i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilations of facts and statistics, and other work which can often be accomplished by non-lawyers." *Saleh v. Moore*, 95 F. Supp. 2d 555, 573 (E.D. Va. 2000). While a reduced hourly rate or reduction in hours is appropriate for tasks a paralegal could perform, "an award of attorneys' fees may not include 'purely clerical or secretarial tasks.'" *Gregory v. Belfor USA Grp., Inc.*, 2014 WL 468923, at *5–6 (E.D. Va. Feb. 4, 2014) (quoting

*Lemus v. Burnham Painting & Drywall Corp.*, 426 F. App'x 543, 545 (9th Cir. 2011)). This is because purely clerical tasks are part of a law office's overhead and are included in the hourly rate charged. *Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 929 (E.D. Va. 2015). Some examples of clerical tasks are

> collating and filing documents with the court, issuing summonses, scanning and mailing documents, reviewing files for information, printing pleadings and preparing sets of orders, document organization, creating notebooks or files and updating attorneys' calendars, assembling binders, emailing documents, or logistical telephone calls with the clerk's office or the judge's chambers.

*Id.* at 929–30 (citations omitted).

Many of the entries Plaintiffs have objected to for being clerical or legal assistant work are clearly work that it is suitable for attorneys to complete, such as reviewing documents for privilege and responsiveness. Defendants are entitled to be rewarded in full for those tasks. On the other hand, Defendants have billed for some tasks that are purely clerical work – such as calls to the Court, the court reporter, and to the client regarding invoices – and are not entitled to fees for those tasks. Similarly, some of the billed work, such as indexing discovery documents, could have been completed by a paralegal for a lower rate, and therefore Defendants are not entitled to a full recovery for those billed entries.

Plaintiffs' objections for meritless or unnecessary work generally fall in four categories: (a) work for motions never filed, (b) work for motions filed but denied, (c) work preparing for trial, and (d) work preparing to respond to Plaintiffs' motion to alter or amend judgment. The Court agrees that Defendants are not entitled to fees for work on motions that were never filed or for motions that Defendants lost. However, the Court does find it appropriate to award fees for Defendants' work preparing for trial because trial was scheduled to begin soon after the summary judgment hearing and it was therefore reasonable

for Defendants to prepare for trial notwithstanding the pending summary judgment. The Court also finds it appropriate to award fees for Defendants' work on the opposition to Plaintiffs' motion to alter or amend judgment even though the opposition was never filed because the Court denied Plaintiffs' motion before the opposition was due and it was reasonable for Defendants to prepare an opposition.

Defendants' bill also contains a few entries for work on the pending appeals in this case. Because the result of those appeals has yet to be determined, requests for fees on appellate work are not properly before this Court.

Plaintiffs have also challenged various entries as duplicative. Most of the challenged entries are for multiple attorneys attending the same hearing or deposition or for multiple days spent on the same task. In light of the condensed timeline of the case from Defendants' counsels' perspective given their late entry into the case, Plaintiffs' aggressiveness in litigating the case, and the issues raised during litigation, the Court does not find those challenged entries unduly duplicative.

Plaintiffs have similarly challenged many entries as being excessive. Some of the challenged entries are for work on the attorneys' fees petitions, which the Court will address separately below. Other challenged entries are for time spent attending hearings and depositions, which Plaintiffs have deemed excessive because the entries are for longer than the duration of the hearings and depositions according to Plaintiffs' records. The Court notes, however, that it is reasonable for attorneys to arrive at hearings and depositions early to prepare and finds Plaintiffs' excessiveness objections to those entries overblown. Nevertheless, the Court does agree that some of the other entries do appear excessive, such the length of time spent preparing for certain hearings with clients who were not called as

witnesses at the hearings.

Accordingly, the Court finds it appropriate to apply a 5% across-the-board reduction to account for the time entries which reflect tasks for which no award of fees is appropriate or which the Court deemed excessive or duplicative.

      iv. *Excessive Hours Spend on Attorneys' Fees Petitions.*

While the Fourth Circuit allows parties to recover costs related to the preparation of fee petitions, the amount collected may not be unreasonable. *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 966 (4th Cir. 1990). Further, work on a fee petition is "relatively straightforward" and "much of it [can] be delegated to staff." *Capital Hospice v. Glob. Lending, LLC*, 2009 U.S. Dist. LEXIS 56673, at *12 (E.D. Va. Jul. 1, 2009) (cutting the hours spent preparing a fee petition in half because 12.7 hours spent on fee petition was unreasonable). By the Court's count, Plaintiffs have objected to roughly 84 hours of work performed on attorneys' fees motions, all performed by principals, for which over $21,000 in fees has been requested. The Court finds the hours spent on the fee petitions in this case excessive. The requested award for work on attorneys' fees constitutes roughly 8% of the total requested award. The Court finds it appropriate to cut the number of hours spent on the fee petition motions in half, and will therefore apply a 4% across-the-board reduction to account for overbilling for work on attorneys' fees.

   **3.** **Lodestar Amount.**

For the above reasons, the reasonable rate for Defendants' Dozier Law Firm attorneys is $260.00 per hour. The Dozier Law Firm billed 990.1 hours and after applying the 10% across-the-board reduction deemed appropriate above, the reasonable number of hours worked by the Dozier Law Firm is 891.09. Multiplying the adjusted hours by the reasonable rate produces a lodestar amount of $231,683.40. Defendants also reasonably employed contract employees to

conduct document review at a rate of $46/hour for reviewers and $80/hour for project managers. The resulting $13,357.00 fee is reasonable under the *Johnson* factors and will be added to the lodestar amount as a component of reasonable fees. Accordingly, the final lodestar amount that will be awarded in attorneys' fees is $245,040.40.

B. **Costs.**

Defendants originally requested $13,424.98 in taxable costs under 28 U.S.C. § 1920, $26,000 in expert witness costs, and $15,104.53 in e-discovery costs. Following the Supreme Court's decision in *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019), Defendants withdrew their request to recover their expert witness and e-discovery costs. *See* Dkt. 411 at 2. As the prevailing party, Defendants are entitled to taxable costs under Fed. R. Civ. P. 54(d)(1) and the Court finds that the $13,424.98 sought for taxable costs is permissible under 28 U.S.C. § 1920. Accordingly, the Court awards Defendants $13,424.98 in costs.

C. **Conclusion.**

For the reasons stated above, and for good cause shown, Defendants are hereby **AWARDED** $245,040.40 in attorneys' fees and $13,424.98 in costs, plus interest at the rate provided in 28 U.S.C. § 1961 accruing from the date of this Order, to be assessed against Plaintiffs.[2]

It is **SO ORDERED.**

August 15, 2019  
Alexandria, Virginia

Liam O'Grady  
United States District Judge

---

[2] *See McKnight v. Circuit City Stores, Inc.*, 14 F. App'x 147, 156 (4th Cir. June 19, 2001) ("[I]t was proper for the district court to award interest from the date of the initial fee and costs award" under 28 U.S.C. § 1961(a).).

10